**William ALLEN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DELAWARE COUNTY SPCA, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 30, 2011.

Decided Dec. 29, 2011.

Arthur G. Girton, Chester, for petitioner.

Jennifer Chun Strawn, Philadelphia, for respondent Delaware County SPCA, Inc.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

---

OPINION BY Senior Judge FRIEDMAN.

William Allen (Claimant) petitions for review of the portion of the June 3, 2011, order of the Workers' Compensation Appeal Board (WCAB) that reversed the decision of a workers' compensation judge (WCJ) to reinstate Claimant's benefits on January 29, 2008, following a suspension of his benefits on January 3, 2008. We reverse.

On August 24, 2007, Claimant injured his right shoulder while working as a kennel attendant for Delaware County SPCA, Inc. (Employer). (WCJ's Findings of Fact, No. 4.) Claimant continued to work for Employer and received his pre-injury wages at all times. (WCJ's Findings of Fact, Nos. 5–6.) On January 3, 2008, Claimant quit his job because of the "deterioration of a relationship between the Claimant and upper management and the Claimant's continuing treatment for the work injuries, or for increased right shoulder pain as a result of the work injury in accordance with these findings." (WCJ's Findings of Fact, Nos. 8, 30.) [1]

On January 29, 2008, Claimant was examined by William C. Murphy, D.O., who found a change in Claimant's condition and determined that Claimant was disabled from his pre-injury job as of that date. (WCJ's Findings of Fact, Nos. 18, 19.) Claimant filed a claim petition, which the WCJ granted based on Dr. Murphy's testimony. The WCJ suspended Claimant's benefits from August 24, 2007, to January 28, 2008,[2] but reinstated them on January 29, 2008. In support of the reinstatement of benefits, the WCJ found that Claimant's symptoms had worsened on January 29, 2008, such that Claimant was unable to perform his kennel job. (WCJ's Findings of Fact, Nos. 18–19.)

Employer appealed to the WCAB, arguing that the WCJ erred in failing to suspend Claimant's benefits as of **January 3, 2008**, the date that Claimant quit. (R.R. at 20a.) The WCAB did not directly address this issue, perhaps because Claimant's benefits had actually been suspended through **January 28, 2008**. The WCAB believed that Employer was, in effect, challenging the WCJ's reinstatement of Claimant's benefits on January 29, 2008. Although it is not clear from the record, the WCAB apparently reversed the reinstatement of Claimant's benefits as of January 29, 2008, because of Claimant's quit on January 3, 2008, for reasons unrelated to his work injury. Claimant now petitions this court for review.[3]

■ Claimant argues that the WCAB erred in reversing the WCJ's decision to reinstate Claimant's benefits as of January 29, 2008. We agree.

■ Here, Claimant's benefits were suspended on January 3, 2008, after he quit his job with Employer for reasons unrelated to his work injury. In other words, Claimant's benefits were suspended because, in effect, Claimant failed to pursue

**1.** We note that the WCJ confused the years that some events occurred, stating 2008 when it should have been 2007 and stating 2009 when it should have been 2008. These errors were corrected by the WCAB and by this opinion for clarification purposes only.

**2.** It is apparent that the WCJ suspended Claimant's benefits from August 24, 2007, to January 3, 2008, because Claimant suffered no loss of wages and that the WCJ suspended

Claimant's benefits from January 3, 2008, to January 28, 2008, because of Claimant's quit.

**3.** Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

an available job in good faith. In cases involving a reinstatement of benefits after a suspension for failure to pursue an available job in good faith, the claimant must prove a change in his or her condition such that he or she could no longer perform the job that served as the basis for the suspension. *Liggett v. Workmen's Compensation Appeal Board (SEPTA),* 669 A.2d 513, 516 (Pa.Cmwlth.1996). Because the WCJ found that Claimant's condition had changed on January 29, 2008,[4] such that Claimant could no longer perform his job with Employer, the WCJ correctly reinstated Claimant's benefits on that date.[5]

Accordingly, we reverse the portion of the WCAB's order reversing the reinstatement of Claimant's benefits as of January 29, 2008.

Judge COHN JUBELIRER concurs in result only.

### ORDER

AND NOW, this 29th day of December, 2011, the order of the Workers' Compensation Appeal Board (WCAB), dated June 3, 2011, is reversed to the extent that the WCAB reversed the reinstatement of benefits as of January 29, 2008.

---

4. Employer argues before this court that Dr. Murphy's testimony in this regard is not competent. However, Employer failed to raise that issue in its appeal to the WCAB; thus, the issue is waived. (*See* R.R. at 20a.)

5. We note that Claimant actually bases his argument on our Supreme Court's decision in *Bufford v. Workers' Compensation Appeal Board (North American Telecom),* 606 Pa. 621, 2 A.3d 548 (2010). In that case, the court pointed out that a claimant may seek reinstatement following a suspension where the claimant proves that his earning power is once against adversely affected by his disability through no fault of his own. *Id.* at 627, 2 A.3d at 552. The court then held that "fault" refers to a claimant's failure to pursue work in good faith. *Id.* at 632–33, 2 A.3d at 555. *Bufford* also supports Claimant's position because, although Claimant's loss of earning power as of January 3 was due to his failure to pursue an available job, i.e., his fault, Claimant's loss of earning power as of January 29 was due to his work injury.